```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```
___

ANTHONY BROWN,

    Plaintiff,

vs.                                                        No. 17-2938-SHM-dkv

CHRIS CRAFT, Judge,

    Defendant.
___

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
___

    On December 28, 2017, the plaintiff, Anthony Brown ("Brown"), filed a *pro se* "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" against Chris Craft, a judge in the Criminal Court of Shelby County, Tennessee, ("Judge Craft"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which this court granted on January 2, 2018, (ECF No. 7). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that Brown's claims against Judge Craft be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.

I. PROPOSED FINDINGS OF FACT

Brown filed his complaint on a court-supplied form styled "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983." (Compl., ECF No. 1.) The only specific cause of action listed in his complaint is violation of civil rights under 42 U.S.C. § 1983, which is found in the title of the court-supplied complaint. (*See id.*) In the Statement of the Claim section of the form complaint, Brown alleges that he has been "conspired against by Judge Lee Coffee and Judge Chris Craft" and that his "Constitutional rights have been violated." (*Id.* ¶ IV.) In the section on the form complaint entitled "Relief," Brown alleges that Judge Craft "allow[ed] Judge Lee Coffee to seal records and not turn them back over to the clerks [sic] office so that they are made available to the public." (*Id.* ¶ V.) Brown also alleges that he previously filed a complaint with the Tennessee Board of Judicial Conduct, which resulted in Judge Craft dismissing his "case."[1] (*Id.* ¶ II.) For relief, Brown requests

---

[1] The Tennessee Board of Judicial Conduct website indicates that Judge Craft is the chair of the Board. *Board of Judicial Conduct: Officers & Members*, Tennessee State Courts, https://www.tncourts.gov/boards-commissions/court-judiciary/officers-members (last visited Jan. 31, 2018).

Brown does not specify whether the "case" Judge Craft dismissed was a criminal case or his complaint to the Board of Judicial Conduct. Although Brown indicates that Judge Craft is a Shelby County Criminal Court Judge, Brown does not provide any information regarding the criminal case for which he cannot obtain sealed records or provide enough information for this

that his case be overturned and that Judge Craft be "removed from being a Judge." (*Id.* ¶ V.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Brown's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

>  (i) is frivolous or malicious;
> 
>  (ii) fails to state a claim on which relief may be granted; or
> 
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Brown's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6)

---

court to find the criminal case records.

3

of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

4

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotations and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)(internal quotations and citation omitted)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come

before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Judicial Immunity

Judges are absolutely immune from civil suits for money damages. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)(citations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997)("For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties."). In addition to absolute judicial immunity for monetary damages, Congress has provided judges with additional protection from suits involving equitable damages. *See, e.g.*, *Muhammad v. Paruk*, 553 F. Supp. 2d 893 (E.D. Mich. 2008). "In 1996, 42 U.S.C. § 1983 was amended to prohibit the granting of injunctive relief against judicial officers for acts taken in their judicial capacities, except in situations in which a declaratory decree has been violated or declaratory relief is unavailable." *Id.* at 899 (citing 42 U.S.C. § 1983; *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 447-48 (E.D. Mich. 2006)).[2] Regarding "judicial capacity," the Sixth Circuit has routinely held that an administrative board acts in a judicial capacity

---

[2] Tennessee Code Annotated § 17-5-306 further provides that members of the Board of Judicial Conduct are absolutely immune from civil suit in the course of performing official board duties. *Id.*

6

when it conducts full evidentiary hearings and provides the parties with an opportunity to seek court review. *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 (6th Cir. 2012); *Nelson v. Jefferson Cty., Ky.*, 863 F.2d 18, 19 (6th Cir. 1988). The 1996 amendment to 42 U.S.C. § 1983 markedly limits a litigant's ability to obtain injunctive relief against a judge, and as a result, various Sixth Circuit courts have dismissed § 1983 claims against state court judges based on judicial immunity. *See Coleman v. Governor of Mich.*, 413 F. App'x 866, 873 (6th Cir. 2011)(finding that § 1983 extends judicial immunity to suits for equitable or injunctive relief); *Rembert v. Fishburn*, No. 3:15-cv-9049, 2015 WL 5842149, at *3 (M.D. Tenn. Oct. 6, 2015)(granting judicial immunity and finding that plaintiff was not entitled to injunctive relief against the judge); *Muhammad*, 553 F. Supp. 2d at 899 (finding that judge was not subject to injunctive relief under § 1983 because he acted in his judicial capacity in deciding not to allow Muhammad to testify while wearing a veil).

Here, Judge Craft, as chairperson of the Board of Judicial Conduct, acted in a judicial capacity in dismissing a complaint made to the Board because Tennessee Code Annotated § 17-5-301 authorizes the Board of Judicial Conduct to conduct hearings, hear proof by the parties, and exercise all powers typically exercised by Tennessee courts of record. *Id.* § 17-5-301(a)-(b).

Moreover, the facts do not indicate that declaratory relief has been violated or that declaratory relief is unavailable. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Therefore, the injunctive relief Brown requests is barred by judicial immunity. For these reasons, this court recommends that Brown's claims be dismissed *sua sponte* for failure to state a claim for which relief can be granted.

D.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine prohibits federal courts other than the Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are inextricably intertwined with issues decided in state court proceedings." *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004)(quotations and citations omitted). The Supreme Court has explained that the *Rooker-Feldman* Doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). For *Rooker-Feldman* to apply, the state court

8

actions must have been "judicial in nature," and the federal claim alleged must require the district court to review a state court decision. *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 782-83 (6th Cir. 2005)(internal quotations and citations omitted).

Here, although it is unclear whether Brown is asking the court to overturn the dismissal of his complaint to the Board of Judicial Conduct or a state court criminal case, to the extent Brown challenges the outcome of either state court proceeding, the *Rooker-Feldman* doctrine bars Brown's claims as an attempted appeal from the state court's decision. *See Davis v. Johnson*, 664 F. App'x 446, 448 (6th Cir. 2016)(internal quotation and citation omitted)("The claims in Plaintiff's instant complaint could be read as challenges to state court orders which are barred by the *Rooker-Feldman* doctrine."); *Bodell v. McDonald*, 4 F. App'x 276, 279 (6th Cir. 2001)(citing *Feldman*, 460 U.S. at 486; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923))(upholding the district court's dismissal of claims for equitable relief, reasoning that "[t]o the extent that Bodell was challenging the final outcome of the state court proceeding, the *Rooker-Feldman* doctrine barred Bodell's claim as an attempted appeal from the state court's decision."). From what the court can decipher from Brown's complaint, he was the losing party in a state court decision and is asking this court to

9

"have [his] case overturned." (Compl. ¶ V, ECF No. 1.) To the extent Brown is asking this court to exercise appellate jurisdiction over a state court decision, *Rooker-Feldman* bars review by the district court. Moreover, to the extent Brown is asking the court to overturn a decision by the Board of Judiciary Conduct, *Rooker-Feldman* applies as well. A decision by the Board is judicial in nature because the Board considers individual facts and applies those facts to the law, thus implicating *Rooker-Feldman*. *See* Tenn. Code Ann. § 15-5-301(a)-(b)("The board of judicial conduct is given broad powers to investigate, hear and determine charges . . . to conduct hearings, and to use, exercise and enjoy any of the powers normally exercised by courts of record in this state."); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 783 (6th Cir. 2005). For these reasons, this court recommends that Brown's claims be dismissed because the *Rooker-Feldman* Doctrine prohibits the district court from exercising appellate jurisdiction over a state court decision.

E.  <u>Brown's Federal Claims Against Judge Craft Are Meritless</u>

Even if Judge Craft were not entitled to judicial immunity and the *Rooker-Feldman* doctrine did not apply, Brown's § 1983 claims against Judge Craft should be dismissed for failure to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the defendant acted

10

under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Moreover, according to the Sixth Circuit, a civil conspiracy under § 1983 is:

> an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Litigants must plead conspiracy claims with specificity, which means that "vague and conclusory allegations unsupported by material facts are insufficient." *Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 644 (S.D. Ohio 2011)(citing *Hamilton v. City of Romulus*, 409 F. App'x 826, 835-36 (6th Cir. 2010)).

Here, Brown does not sufficiently allege a deprivation of federal rights, nor does he provide any material facts regarding the alleged conspiracy. *See id.* Brown merely provides the bare allegation that his "constitutional rights have been violated"

11

and that Judge Craft conspired against him with Judge Coffee. (Compl. ¶ IV, ECF No. 1.) Brown does not state what court case he refers to or whether it is terminated or ongoing.[3] Brown does not allege any additional details regarding a constitutional violation. Because there are no facts provided in the complaint from which the court can plausibly infer a cognizable § 1983 claim, this court recommends that Brown's § 1983 claims against Judge Craft be dismissed *sua sponte* for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, this court recommends that Brown's claims against Judge Craft be dismissed *sua sponte* for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii).

Respectfully submitted this 31st day of January, 2018.

s/Diane K. Vescovo

DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] If Brown's state court case is ongoing, the federal court should abstain from review based on the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 45 (1971)(finding that federal courts should abstain from interfering in ongoing state criminal prosecutions); *Fieger v. Cox*, 524 F.3d 770, 774-75 (6th Cir. 2008)(finding that the district court properly refrained from exercising jurisdiction when state criminal proceedings were ongoing).

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.