# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02938-SHM-dkv |
| | ) | |
| CHRIS CRAFT, Judge, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated January 31, 2018 (the "Report"). (ECF No. 8.) The Report recommends that the Court *sua sponte* dismiss Plaintiff Anthony Brown's claims against Defendant Judge Chris Craft. (Id. at 25.) Plaintiff has not objected to the Report.

For the following reasons, the Report is ADOPTED. The action is DISMISSED.

## I. Background

On December 28, 2017, Plaintiff filed a *pro se* Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (ECF No. 1.) The Complaint alleges that Plaintiff previously filed a complaint against Defendant with the Tennessee Board of Judicial Conduct, but that the "case was dismissed by [Defendant]." (Id. at 2.) Plaintiff alleges he has been "conspired against by

Judge Lee Coffee and [Defendant]" and that Plaintiff's "[c]onstitutional rights have been violated." (Id.) Plaintiff requests that his "case [be] overturned" and that Defendant "[be] removed from being a Judge." (Id. at 3.)

On December 28, 2017, Plaintiff also applied to proceed *in forma pauperis*. (ECF No. 2.) On January 2, 2018, the Court entered an Order granting Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7.)

On January 31, 2018, United States Magistrate Judge Diane K. Vescovo entered the Report. (ECF No. 8.) The Report "recommends that [Plaintiff's] claims against [Defendant] be dismissed *sua sponte* for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii)." (Id. at 25.)

## II. Analysis

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for

2

the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Plaintiff has not objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

### III. Conclusion

For the foregoing reasons, the Report is ADOPTED. The action is DISMISSED.

So ordered this 30th day of March, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE